**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
(856) 751-3737
Attorneys for Plaintiffs

| | | |
|---|---|---|
| JEAN LEANDRY, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : | **Electronically filed** |
| vs. | : | |
| | : | Civil Action No. |
| GORSKI GROUP, LTD.; LEONARD GORSKI and JOHN DOES 1-5 and 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff Jean Leandry ("plaintiff"), by way Complaint against the defendants, says:

## Preliminary Statement

This action is brought by to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and New Jersey Wage and Hour Law ("NJWHL")  Plaintiff was denied overtime in violation of those acts and discharged in retaliation for complaining of or objecting to wage and hour violations, in violation of the FLSA.

## Jurisdiction and Venue

1. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

2. Because defendant is a corporate resident of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

### Parties

3. Plaintiff Jean Leandry resides at 153 Ray Street, Garfield, NJ. At all pertinent times herein, Plaintiff was employed by defendants.

4. Defendant Gorski Group, Ltd. ("GGL") is, upon information and belief, a foreign business entity engaged in the business in New Jersey and elsewhere, of manufacturing and distributing luxury outerwear, furs and luxury accessories, which maintains a corporate residence and domicile in New Jersey and is an employer within the meaning of 29 U.S.C. Sec 203.

5. Upon information and belief, GGL has had and continues to have annual gross revenues of not less than $500,000.00 during all relevant times.

6. Upon information and belief, GGL and other, unidentified entities, perform business activities under common control and for a common business purpose, rendering them an "enterprise" within the meaning of 29 U.S.C. Sec. 203.

7. Defendant Leonard Gorski is, upon information and belief, an individual acting directly or indirectly in the interest of GGL in relation to its employees, including plaintiff.

8. Plaintiff routinely interacted with interstate commerce during her employment with defendants.

9. At all relevant times herein, defendants John Does 1-5 and 6-10, currently unknown are, in the alternative, individuals on the one hand and other business entities on

the other, who are liable to the plaintiff as a result of their own acts or on the basis of *respondeat superior*.

## **General Allegations**

10. Plaintiff was employed by defendants from approximately September 2011 through approximately September 9, 2016, the date of her unlawful termination.

11. During the entirety of plaintiff's employment, she was paid an hourly rate of $22.00.

12. During the relevant time period, plaintiff regularly worked in excess of 40 hours per week, but was not paid overtime at time and one-half her regular rate for those hours.

13. Instead, plaintiff received her regular rate for each hour worked beyond 40 in a work week.

14. Defendants failed to place plaintiff "on the books" and instead insisted that plaintiff submit "invoices" every two weeks for the hours she worked in each week and paid her based on those "invoices."

15. Plaintiff was an employee of defendants as that term is defined by the FLSA and NJWHL, regardless of defendants' characterization of their relationship with plaintiff.

16. Plaintiff was employed by CHC from in or around April 2012 through on or about January 19, 2015.

9. On our about September 9, 2016, Leonard Gorski asked plaintiff to sign a document indicating that plaintiff agreed she was an independent contractor and further agreed to work fifty or more overtime hours per month.

10. Plaintiff refused to sign a document that falsely portrayed her as an independent contractor, thus engaging in an act of protected conduct within the meaning of the FLSA.

11. In retaliation for plaintiff's refusal to sign the bogus agreement, defendants withheld her pay, in violation of the FLSA and NJWHL.

12. Plaintiff objected to her paycheck being withheld, a second act of protected conduct within the meaning of the FLSA.

13. The same day, plaintiff was terminated from her employment.

14. Plaintiff's termination was motivated by her acts of protected conduct, in violation of the FLSA.

15. Defendants' actions were willful, warranting a three year statute of limitations on her overtime claim under the FLSA.

16. Defendants have no good faith basis for misclassifying plaintiff as an independent contractor, failing to pay overtime or engaging in retaliation, warranting the imposition of liquidated damages on all claims under the FLSA.

17. Plaintiff has been caused to suffer economic loss as the result of defendants' conduct.

## COUNT I

## FLSA Violation – Unpaid Overtime

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 of the Complaint as if recited at length herein.

19. Plaintiff has been denied overtime pay for hours worked in excess of 40 per week.

20. As a result, defendants have violated the Fair Labor Standards Act.

21. Said violations have been willful within the meaning of 29 U.S.C. Sec. 255(a).

22. Plaintiff has suffered, are now suffering and will continue to suffer monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

23. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violations of the FLSA, together with interest therefrom from the date(s) such wages were due but unpaid;

(d) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(e) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(f) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

## Violation of the NJWHL

24. Plaintiff hereby repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff, during the relevant time period, regularly worked more than forty hours in a work week.

26. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

27. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

28. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

## COUNT III

## FLSA Retaliation

29. Plaintiff hereby repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff objected to and complained of defendants' request that she enter into a "contract" declaring her and independent contractor and complained that her paycheck was withheld as a result of her refusal to sign such agreement, acts of protected conduct under the FLSA.

31. As a result of plaintiff's complaints, she suffered retaliation in the form of the withholding of her pay and termination from employment.

32. Defendants, by the above acts, have retaliated against plaintiff in violation of the FLSA.

33. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(c) directing defendants to make plaintiff whole for all retaliation she suffered;

(d) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(e) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(f) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: \_\_/s/ Deborah L. Mains_____
    Deborah L. Mains
    18000 Horizon Way, Suite 800
    Mt. Laurel, New Jersey 08054
    856-727-9700
    856-727-9797 (fax)

Attorneys for Plaintiffs

Dated: January 4, 2017

## **DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains    
       Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By: __/s/ Deborah L. Mains_____
     Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1.    All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiffs' employment, to plaintiffs' cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.    Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: __/s/ Deborah L. Mains_____
     Deborah L. Mains